UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN STAMP<br>Plaintiff | : | |
| v. | : | Civil Action: 04-488L |
| METROPOLITAN LIFE INSURANCE COMPANY OF AMERICA AND MOBIL OIL CORPORATION | : | |

**PLAINTIFF'S' MOTION TO STRIKE OBJECTIONS AND OR TO DETERMINE SUFFICIENCY OF ANSWER TO REQUEST FOR ADMISSIONS**

Plaintiff KAREN STAMP moves this Court, pursuant to Rule 36(a) of the Superior Court Rules of Civil Procedure, for an order striking the following objections to the request for admissions propounded by the plaintiff to the defendants Metropolitan Life Insurance Company and Exxon Mobil, et al, or to determine the sufficiency of the answers therein. The plaintiff's request for admissions, and the objections and answers of defendant Metropolitan Life Insurance Company and Exxon Mobil, are attached hereto.

In support thereof, the Plaintiff relies upon the attached memorandum of law. Accordingly, the Plaintiff KAREN STAMP requests that this Honorable Court issue an order striking the following objections to the request for admissions propounded by the plaintiff to the defendants Metropolitan Life Insurance Company and Exxon Mobil, et al, or to determine the sufficiency of the answers therein

KAREN STAMP

By her Attorneys,

MASON ASSOCIATES, P.C.

Fred L. Mason Jr.

Fred L. Mason Jr. (#4274)
20 Cedar Swamp Road
Smithfield, RI 02917
(401) 232-2277
(401) 232-7744 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, first class mail, and sent via facsimile to: Neal J. McNamara, Esq. Holland & Knight, LLP One Bank Boston Plaza Providence Rhode Island 02903 and Brooks Magratten Esq. Vetter & White 20 Washington Place Providence Rhode Island 02903 on this 16th[th] day of February, 2006.

Fred L. Mason Jr.

In the instant case, the Plaintiff urges the Court to apply a de novo standard of review to the decision of Exxon Mobil to deny benefits to the plaintiff Karen Stamp since it would appear that the insurance policy and or policies issued to Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and which was the designated policyholder and insured of such, and which is the subject of this litigation, is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

In that regard, the request for admissions propounded upon the Defendants is reasonably calculated to determine whether said insurance policy at issue is an "experience-rated" contract and, as such, whether the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation. The information sought by the Plaintiff is clearly relevant to whether Exxon Mobil and/or Metropolitan Life Insurance Company as fiduciaries operated under a "conflict of interest", and therefore seeks to establish or clarify the standard by which the Court will review the administration of the covered benefit plan at issue.

Accordingly, the Plaintiff KAREN STAMP requests that this Honorable Court issue an order striking the following objections to the request for admissions propounded by the plaintiff to the defendants Metropolitan Life Insurance Company and Exxon Mobil, et al. or to determine the sufficiency of the answers therein

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN STAMP<br>Plaintiff | : | |
| v. | : | Civil Action: 04-488L |
| METROPOLITAN LIFE INSURANCE COMPANY OF AMERICA AND MOBIL OIL CORPORATION | : | |

**PLAINTIFF'S' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE OBJECTIONS AND OR TO DETERMINE SUFFICIENCY OF ANSWER TO REQUEST FOR ADMISSIONS**

The Plaintiff KAREN STAMP, has moved this Court, pursuant to Rule 36(a) of the Superior Court Rules of Civil Procedure, for an order striking the following objections to the request for admissions propounded by the plaintiff to the defendants Metropolitan Life Insurance Company and Exxon Mobil, et al, or to determine the sufficiency of the answers therein. The plaintiff's request for admissions, and the objections and answers of defendant Metropolitan Life Insurance Company and Exxon Mobil, are attached hereto.

Briefly stated, this litigation centers on the appeal of the denial of the claim of Karen Stamp, the wife of the late Stephen Stamp, relative to claim(s) asserted for Basic Life Insurance, Basic Life Insurance AD&D Accidental Death & Dismemberment ("AD&D"),Voluntary Basic Accidental Death & Dismemberment ("BAD&D"), and Occupational Accidental Death & Dismemberment ("VD&D") as the designated beneficiary of an employee benefit plan issued to Mobil Oil Corporation, the employer of her late husband, by Metropolitan Life Insurance Company (also referred to herein as "MetLife").

KAREN STAMP

By her Attorneys,

MASON ASSOCIATES, P.C.

Fred L. Mason Jr. (#4274)
20 Cedar Swamp Road
Smithfield, RI 02917
(401) 232-2277
(401) 232-7744 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, first class mail, and sent via facsimile to: Neal J. McNamara, Esq. Holland & Knight, LLP One Bank Boston Plaza Providence Rhode Island 02903 and Brooks Magratten Esq. Vetter & White 20 Washington Place Providence Rhode Island 02903 on this 16th[th] day of February, 2006.

Under the provisions of the policy, Metropolitan Life Insurance Company, is designated as claims fiduciary, and which the appellate claims process is administered by Exxon Mobil Chemical Company/Mobil Oil Corporation (also referred to herein as "Mobil,"), under the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., Mrs. Stamp is requesting insurance benefits to which she as beneficiary is entitled under the employee benefit plan and disability insurance policy issued by Exxon Mobil Chemical Company/Mobil Oil Corporation, arising out of an automobile accident occurring on August 3, 2002, resulting in the untimely and unfortunate death of Stephen Stamp.

The nature of the Employees Retirement Income Security Act ("ERISA") determines the standard by which the Court must review the administration of a covered benefit plan. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110-111 (1989). When interpreting benefits under an ERISA plan, a de novo standard of review is appropriate unless the plan documents give "the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan". Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110-111 (1989). Under such circumstances, such a decision will be reviewed by the Court under a deferential arbitrary and capricious standard, however, where a plan fiduciary operates under a "conflict of interest", the reviewing court should consider that conflict in its determination of whether the fiduciary has abused its discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110-111 (1989). In this Circuit, if the Court concludes there a conflict of interest by the plan administrator if the insurer or administrator must pay the benefits to be awarded from "out of its own pocket", the court "may cede a diminished degree of deference--or no deference at all--to the administrator's determinations." Wright v. R.R. Donnelley & Sons Co.; No. 04-1986 (1st Cir. 03/25/2005)