UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KAREN STAMP
Plaintiff

v.

METROPOLITAN LIFE INSURANCE COMPANY OF AMERICA ADMINISTRATOR-BENEFITS, EXXONMOBIL BENEFIT PLAN, EXXONMOBIL BENEFIT PLAN, EXXONMOBIL CORPORATION, LIFE INSURANCE PROTECTION PLAN OF MOBIL OIL CORPORATION, LIFE INSURANCE PLAN OF MOBIL OIL CORPORATION,

Civil Action: 04-488L

**PLAINTIFF KAREN STAMP 'S**
**REQUEST FOR ADMISSIONS**

The plaintiff. Karen Stamp, pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests that the defendant, Metropolitan Life Insurance Company admit to the truth of the following matters set forth in the foregoing request and the genuineness of the foregoing documents within thirty (30) days:

1. That the enclosed documentation, attached hereto as Exhibit A, is a true and accurate copy of the "Summary Annual Reports and Required Notices" for the calendar year 2004 relating to certain ExxonMobil welfare and pension plans and or ExxonMobil Employee Benefit Plan, including, but not limited to, group Basic Life Insurance, Accidental Death & Dismemberment ("AD&D"), Basic Accidental Death & Dismemberment ("BAD&D"), and Occupational Accidental Death & Dismemberment ("VD&D") policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company.

2. That the group Basic Life Insurance policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation

3. That the group Accidental Death & Dismemberment ("AD&D") policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, were and or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

4. That the group Basic Accidental Death & Dismemberment ("BAD&D") policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, were and or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

5. That the group Occupational Accidental Death & Dismemberment ("VD&D") policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, were and or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

KAREN STAMP

By her Attorneys,

MASON ASSOCIATES, P.C.

Fred L. Mason Jr. (#4274)
20 Cedar Swamp Road
Smithfield, RI 02917
(401) 232-2277
(401) 232-7744 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, first class mail to: Neal J. McNamara, Esq. Holland & Knight, LLP One Bank Boston Plaza Providence Rhode Island 02903 and Brooks Magratten Esq. Vetter & White 20 Washington Place Providence Rhode Island 02903 on this 5th day of January, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN STAMP,<br>Plaintiff<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY OF AMERICA, et al.,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-0488/L |

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF KAREN STAMP'S REQUEST FOR ADMISSIONS**

Defendant Metropolitan Life Insurance Company of America ("Metlife"), hereby responds to plaintiff Karen Stamp's request for admissions:

**REQUEST FOR ADMISSION 1:**

That the enclosed documentation, attached hereto as Exhibit A, is a true and accurate copy of the "Summary Annual Reports and Required Notices" for the calendar year 2004 relating to certain ExxonMobil welfare and pension plans and or ExxonMobil Employee Benefit Plan, including, but not limited to, group Basic Life Insurance, Accidental Death & Dismemberment ("BAD&D"), and Occupational Accidental Death & Dismemberment ("VD&D") policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company.

**RESPONSE:**

Objection. Plaintiff's request is compound, vague and ambiguous. Moreover, the document attached as Exhibit A was not authored, prepared or created by Metlife. The request calls for information that is not in Metlife's possession, custody or control. Metlife has made reasonable inquiry and the information known or readily obtainable by Metlife is insufficient to enable the party to admit or deny.

**REQUEST FOR ADMISSION 2:**

That the group Basic Life Insurance policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan and Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and/or Exxon Mobil, are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

**RESPONSE:**

Objection. Plaintiff's request is compound, vague and ambiguous. Moreover, the information sought in this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The policy in question has been produced to plaintiff and speaks for itself.

**REQUEST FOR ADMISSION 3:**

That the group Accidental Death & Dismemberment ("AD&D") policy and/or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and/or Exxon Mobil, were and/or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

**RESPONSE:**

Objection. Plaintiff's request is compound, vague and ambiguous. Moreover, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. The policy in question has been produced to plaintiff and speaks for itself.

**REQUEST FOR ADMISSION 4:**

That the group Basic Accidental Death and Dismemberment ("BAD&D") policy and/or policies issued to Mobil Oil Corporation, including the Life Insurance Plan or Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experienced-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, were and/or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

**RESPONSE:**

Objection. Plaintiff's request is compound, vague and ambiguous. Moreover, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. The policy in question has been produced to plaintiff and speaks for itself.

**REQUEST FOR ADMISSION 5:**

That the group Occupational Accidental Death & Dismemberment ("VD&D") policy and/or policies issued by Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and/or Exxon Mobil, were and/or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

**RESPONSE:**

Objection. Plaintiff's request is compound, vague and ambiguous. Moreover, the information sought in this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The policy in question has been produced to plaintiff and speaks for itself.

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq. #6883
VETTER & WHITE
Attorneys for Defendant
Metropolitan Life Ins. Co.
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: January 31st, 2006

**CERTIFICATE OF SERVICE**

TO:

Fred L. Mason, Jr., Esq.
Mason Associates, P.C.
20 Cedar Swamp Road
Smithfield, RI 02917

Neal McNamara, Esq.
Holland & Knight LLP
One Financial Plaza
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Response to Requests for Admissions by first class mail, postage prepaid, on the 31st day of January, 2006.