UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN STAMP<br>Plaintiff | : | |
| v. | : | Civil Action: 04-488L |
| METROPOLITAN LIFE INSURANCE<br>COMPANY OF AMERICA<br>ADMINISTRATOR-BENEFITS,<br>EXXONMOBIL BENEFIT PLAN,<br>EXXONMOBIL BENEFIT PLAN,<br>EXXONMOBIL CORPORATION,<br>LIFE INSURANCE PROTECTION PLAN<br>OF MOBIL OIL CORPORATION,<br>LIFE INSURANCE PLAN<br>OF MOBIL OIL CORPORATION, | : | |

**PLAINTIFF KAREN STAMP 'S**
**REQUEST FOR ADMISSIONS**

The plaintiff, Karen Stamp, pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests that the defendant, Life Insurance Plan of Mobil Oil Corporation and or ExxonMobil admit to the truth of the following matters set forth in the foregoing request and the genuineness of the foregoing documents within thirty (30) days:

1. That the enclosed documentation, attached hereto as Exhibit A, is a true and accurate copy of the "Summary Annual Reports and Required Notices" for the calendar year 2004 relating to certain ExxonMobil welfare and pension plans and or ExxonMobil Employee Benefit Plan, including, but not limited to, group Basic Life Insurance, Accidental Death & Dismemberment ("AD&D"), Basic Accidental Death & Dismemberment ("BAD&D"), and Occupational Accidental Death & Dismemberment ("VD&D") policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation,under which claims for benefits are processed by Metropolitan Life Insurance Company.

2. That the group Basic Life Insurance policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation

3. That the group Accidental Death & Dismemberment ("AD&D") policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, were and or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

4. That the group Basic Accidental Death & Dismemberment ("BAD&D") policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, were and or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

5. That the group Occupational Accidental Death & Dismemberment ("VD&D") policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, were and or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

KAREN STAMP

By her Attorneys,

MASON ASSOCIATES, P.C.

Fred L. Mason Jr. (#4274)
20 Cedar Swamp Road
Smithfield, RI 02917
(401) 232-2277
(401) 232-7744 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, first class mail to: Neal J. McNamara, Esq. Holland & Knight, LLP One Bank Boston Plaza Providence Rhode Island 02903 and Brooks Magratten Esq. Vetter & White 20 Washington Place Providence Rhode Island 02903 on this 5th day of January, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN STAMP, | ) | |
| Plaintiff, | ) | C.A. No. 04-0488/L |
| | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY OF | ) | |
| AMERICA, et al | ) | |
| Defendants. | ) | |

**DEFENDANTS' ADMINISTRATOR-BENEFITS, EXXONMOBIL BENEFIT PLAN, EXXONMOBIL BENEFIT PLAN, EXXONMOBIL CORPORATION, LIFE INSURANCE PROTECTION PLAN OF MOBIL OIL CORPORATION, AND LIFE INSURANCE PLAN OF MOBIL OIL CORPORATION OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

Request No. 1

That the enclosed documentation, attached hereto as Exhibit A, is a true and accurate copy of the "Summary Annual Reports and Required Notices" for the calendar year 2004 relating to certain ExxonMobil welfare and pension plans and or ExxonMobil Employee Benefit Plan, including, but not limited to, group Basic Life Insurance, Accidental Death & Dismemberment ("AD&D"), Basic Accidental Death & Dismemberment ("BAD&D"), and Occupational Accidental Death & Dismemberment ("VD&D) policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company.

Objection

Defendants object to this Request on the ground that it is untimely, having been served fifteen days before the close of discovery in violation of the Pretrial Order and the Federal Rules of Civil Procedure, and further object on the grounds that it is compound, confusing, ambiguous, and calls for the admission of numerous facts included in or implied by the request, contrary to the requirement of Rule 36(a) that each matter of which an admission is requested is to be separately set forth.

Request No. 2

That the group Basic Life Insurance policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

Objection

Defendants object to this Request on the ground that it is untimely, having been served fifteen days before the close of discovery in violation of the Pretrial Order and the Federal Rules of Civil Procedure, and further object on the grounds that it is compound, confusing, ambiguous, and calls for the admission of numerous facts included in or implied by the request, contrary to the requirement of Rule 36(a) that each matter of which an admission is requested is to be separately set forth. Moreover, the information sought in this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The policy in question has been produced to plaintiff and speaks for itself.

Request No. 3

That the group Accidental Death & Dismemberment ("AD&D") policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, were and or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

Objection

Defendants object to this Request on the ground that it is untimely, having been served fifteen days before the close of discovery in violation of the Pretrial Order and the Federal Rules of Civil Procedure, and further object on the grounds that it is confound, confusing, ambiguous, and calls for the admission of numerous facts included in or implied by the request, contrary to the requirement of Rule 36(a) that each matter of which an admission is requested is to be separately set forth. Moreover, the information sought in this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The policy in question has been produced to plaintiff and speaks for itself.

Request No. 4

That the group Basic Accidental Death & Dismemberment ("BAD&D") policy and or policies issued to Mobil Oil Corporation, including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company, and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, were and or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

Objection

Defendants object to this Request on the ground that it is untimely, having been served fifteen days before the close of discovery in violation of the Pretrial Order and the Federal Rules of Civil Procedure, and further object on the grounds that it is compound, confusing, ambiguous, and calls for the admission of numerous facts included in or implied by the request, contrary to the requirement of Rule 36(a) that each matter of which an admission is requested is

Request No. 5

That the group Occupational Accidental Death & Dismemberment ("VD&D") policy and or policies issued to Mobil Oil Corporation including the Life Insurance Plan of Mobil Oil Corporation and the Life Protection Insurance Plan of Mobil Oil Corporation, under which claims for benefits are processed by Metropolitan Life Insurance Company and under which Plaintiff, Karen Stamp's late husband, Stephen Stamp, who was employed by Mobil Oil Corporation and was the designated policyholder and insured of such, and which is the subject of this litigation, was or is an "experience-rated" contract and, as such, the premium costs incurred by Mobil Oil Corporation and or Exxon Mobil, were and or are affected by, among other things, the number and size of claims presented, including that presented by the plaintiff in this litigation.

Objection

Defendants object to this Request on the ground that it is untimely, having been served fifteen days before the close of discovery in violation of the Pretrial Order and the Federal Rules of Civil Procedure, and further object on the grounds that it is compound, confusing, ambiguous, and calls for the admission of numerous facts included in or implied by the request, contrary to the requirement of Rule 36(a) that each matter of which an admission is requested is to be separately set forth. Moreover, the information sought in this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The policy in question has been produced to plaintiff and speaks for itself.

Defendants,
By Their Attorneys,
HOLLAND & KNIGHT LLP

Neal J. McNamara, Esquire #4249
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903
Telephone: (401) 751-8500
Facsimile: (401) 553-6850

Dated: February 1, 2006

## CERTIFICATION

The undersigned hereby certifies that a true and correct copy of the within Response to Plaintiff's Request for Admissions was forwarded via first class mail, postage prepaid to:

Fred L. Mason, Jr., Esquire
Mason Associates, P.C.
20 Cedar Swamp Road
Smithfield, Rhode Island 02917

Brooks R. Magratten, Esquire
Vetter & White
20 Washington Place
Providence, Rhode Island 02903

this 1st day of February, 2006.

_______________________

# 3515423_v1