UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN STAMP,<br>Plaintiff<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY OF AMERICA, et al.,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-0488/L |

**OBJECTION OF DEFENDANTS' ADMINISTRATOR-BENEFITS, EXXON MOBIL BENEFIT PLAN, EXXON MOBIL BENEFIT PLAN, EXXON MOBIL CORPORATION, LIFE INSURANCE PROTECTION PLAN OF MOBIL OIL CORPORATION, and LIFE INSURANCE PLAN OF MOBIL OIL CORPORATION TO PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND/OR TO DETERMINE SUFFICIENCY OF ANSWER TO REQUEST FOR ADMISSIONS**

Defendants Administrator-Benefits, Exxon Mobil Benefit Plan, Exxon Mobil Benefit Plan, Exxon Mobil Corporation, Life Insurance Protection Plan of Mobil Oil Corporation, Life Insurance Plan of Mobil Oil (collectively "Defendants") hereby object to Plaintiff Karen Stamp's Motion to Strike Objections to Requests for Admissions served by Plaintiff and/or to determine sufficiency of the answers to those requests for admissions. In support of the objection, Defendants rely on the accompanying Memorandum of Law.

EXXON MOBIL CORPORATION,
ET ALS.

By Its Attorneys

HOLLAND & KNIGHT LLP

Neal J. McNamara, Esquire (#4249)
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903
Telephone: (401) 751-8500
Facsimile: (401) 553-6850
neal.mcnamara@hklaw.com

February 27, 2006

CERTIFICATE OF SERVICE

TO:

Fred L. Mason, Jr., Esq.
Mason Associates, P.C.
20 Cedar Swamp Road
Smithfield, RI 02917

Brooks R. Magratten, Esquire
Vetter & White
20 Washington Place
Providence, Rhode Island 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Defendants' Objection by mailing first class mail, postage prepaid, on the 27th day of February, 2006.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN STAMP, Plaintiff | ) | |
| v. | ) | C.A. No. 04-0488/L |
| METROPOLITAN LIFE INSURANCE COMPANY OF AMERICA, et al., Defendants | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE OBJECTION OF DEFENDANTS' ADMINISTRATOR-BENEFITS, EXXON MOBIL BENEFIT PLAN, EXXON MOBIL BENEFIT PLAN, EXXON MOBIL CORPORATION, LIFE INSURANCE PROTECTION PLAN OF MOBIL OIL CORPORATION, and LIFE INSURANCE PLAN OF MOBIL OIL CORPORATION TO PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND/OR TO DETERMINE SUFFICIENCY OF ANSWER TO REQUEST FOR ADMISSIONS**

Defendants Administrator-Benefits, Exxon Mobil Benefit Plan, Exxon Mobil Benefit Plan, Exxon Mobil Corporation, Life Insurance Protection Plan of Mobil Oil Corporation, and Life Insurance Plan of Mobil Oil ("Defendants") submit this Memorandum in Support of their Objection to Plaintiff's Motion to Strike their objections to Plaintiff's Request for Admissions and/or to determine the sufficiency of the answers.

1. **Plaintiff's Motion is Untimely and Should Be Rejected.**

Plaintiff served the Requests for Admissions at issue here by mail on January 5, 2006, fifteen (15) days prior to the close of discovery. In the Pre-Trial Order issued in this matter on June 9, 2005, the Court ordered that all pre-trial discovery "be completed by January 20, 2006." The Pre-Trial Order further provided in paragraph 10 that "after ten (10) days from the close of

discovery, no motions shall be filed and accepted by the Clerk of this Court except by leave of the undersigned; . . . ". Therefore, no motion may be served in this matter after January 30, 2006.

On January 5, 2006, Plaintiff served her Request for Admissions asking that Defendants "admit to the truth of the following matters set forth in the foregoing requests and the genuineness of the foregoing documents within thirty (30) days." Those Requests for Admissions were mailed to Defendants' fifteen (15) days before the close of discovery and twenty-five (25) days before the date after which no motions of any kind could be filed. Defendants served their Objections to the Plaintiff's Request for Admissions on February 1, 2006.

Plaintiff's Motion to Strike dwells on plaintiff's argument that she should be able to determine whether a "conflict of interest" existed for the Plan Administrator such that the level of review here would be diminished from the deferential arbitrary and capricious standard. Plaintiff ignores the serious defects in her Requests.

As indicated above, the Pre-Trial Order provides that no motions of any sort may be served more than ten (10) days after the close of discovery. In other words, no motions may be served after January 30, 2006. Nevertheless, Plaintiff served this motion on February 16, 2006, sixteen (16) days after the close of discovery. For that reason alone, the motion should be rejected. Moreover, Plaintiff has twice moved to enlarge its time to file a motion for summary judgment. It first requested, in a motion filed on January 25, 2006, an enlargement of its time to file a dispositive motion up to and including February 15, 2006. The Court has not ruled on that motion. That date has passed and now Plaintiff has yet filed another motion to enlarge its time, up to March 3, 2006, to file its dispositive motion. Neither motion asked for an extension of

time to file a motion to strike request for admissions. Moreover, this most recent motion clearly has been filed after the deadline for filing motions.

**2. The Requests Were Served Late, and Defendants Objection Should be Sustained.**

In addition, Plaintiff did not serve the Requests for Admissions in a timely fashion. The Pre-Trial Order requires that discovery "be completed" by January 20, 2006. That means that discovery must be served at least thirty (30) days before the close of discovery, allowing the Defendants the time afforded them by the Federal Rules of Civil Procedure to respond. Plaintiff did not do that here. Indeed, courts have ruled that Request for Admissions served less than thirty (30) days prior to the close of discovery were untimely and may be disregarded by the District Court. *See, e.g., Laborer's Pension Fund v. Blackmore Sewer Construction, Inc.*, 298 F.3d 600, 605-06 (7th Cir. 2002).

Plaintiff had more than sufficient time to file timely requests for admissions. Plaintiff argues that she needs responses to the Requests in order to address the "conflict of interest" issue. That is not a new issue in this matter. Indeed, in a deposition on October 28, 2005, Plaintiff's attorney questioned Defendants' witness, Virginia Gen, about the conflict of interest issue. There is no justification for plaintiff waiting so long to serve her Requests. Therefore, defendants' objection that the Requests were untimely should be sustained.

**3. The Requests 2 through 5 Are Vague and Ambiguous.**

Requests 2 through 5 ask defendants to admit that each of the life insurance policies underlying the Plan here "is an 'experience-rated' contract and, as such, the premium costs incurred ... were and or are affected by, among other things, the number and size of claims presented, including that presented by plaintiff in this litigation." Requests for admissions must be "direct, simple and limited to singular, relevant facts," ... so that "it can be admitted or denied

without explanation." *Dubin v. The E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989). *See also, Tulip Computers Int'l v. Dell Computer Corp.*, 210 F.R.D. 100, 107-8 (D. Del. 2002)(""A party is not required to respond to a request containing vague or ambiguous statements."). That is not the case here. The requests here "are not simple and concise statements of facts, but contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Id.* at 376. Rather, the requests contain vague, undefined and ambiguous terms, like "affected by," "experience-rated," and includes the open-ended phrase "among other things." The requests cannot fairly be denied or admitted without explanation. Therefore, defendants' objections should be sustained.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Strike Objections to Request for Admissions should be denied, along with the such other and further relief as the Court may deem just and proper.

EXXON MOBIL CORPORATION,
ET ALS.

By Their Attorneys

HOLLAND & KNIGHT LLP

Neal J. McNamara, Esquire (#4249)
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903
Telephone: (401) 751-8500
Facsimile: (401) 553-6850
neal.mcnamara@hklaw.com

CERTIFICATE OF SERVICE

TO:

Fred L. Mason, Jr., Esq.
Mason Associates, P.C.
20 Cedar Swamp Road
Smithfield, RI 02917

Brooks R. Magratten, Esquire
Vetter & White
20 Washington Place
Providence, Rhode Island 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Defendants' Memorandum of Law by mailing first class mail, postage prepaid, on the 27th day of February, 2006.

Neal M. Na—

# 3607353_v1