UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN STAMP, Plaintiff | ) | C.A. No. 04-0488/L |
| v. | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY OF AMERICA, et al., Defendants | ) | |

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S**
**OBJECTION TO PLAINTIFF'S MOTION TO STRIKE**

Defendant Metropolitan Life Insurance Company ("Metlife") objects to plaintiff's motion to strike objections and/or determine sufficiency of defendant's answers to requests for admissions filed on February 16, 2006.

Metlife files herewith a supporting memorandum of law.

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendant
Metropolitan Life Ins. Co.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: March 1, 2006

**CERTIFICATE OF SERVICE**

To:

Fred L. Mason, Jr., Esq.
Mason Associates, P.C.
20 Cedar Swamp Road
Smithfield, RI 02917

Neal McNamara, Esq.
Holland & Knight LLP
One Financial Plaza
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Defendant Metropolitan Life Insurance Company's Objection to Plaintiff's Motion To Strike by mailing first class mail, postage prepaid, on the 1st day of March, 2006.

Lisa A. Lariviere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREN STAMP, Plaintiff | ) | C.A. No. 04-0488/L |
| v. | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY OF AMERICA, et al., Defendants | ) | |

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO STRIKE**

Defendant Metropolitan Life Insurance Company ("Metlife") objects to plaintiff's motion to strike objections and/or determine sufficiency of defendant's answers to requests for admissions.

Plaintiff's requests for admissions were untimely. She served them on January 6, 2006, fifteen days before the close of discovery in violation of the Pretrial Order and the Federal Rules of Civil Procedure.

Plaintiff's motion to strike is also untimely. The Pretrial Order provides: "After 10 days from the close of discovery, no motions shall be filed and accepted by the Clerk of this Court except by leave of the undersigned." Plaintiff has not requested leave of court to file this motion. Although she sought an extension of time in which to file dispositive motions, she has not requested an extension for any other type of motion.

Further, Metlife's objections to plaintiff's requests for admissions are well founded. Metlife objected to Request for Admission 1 because the document attached as Exhibit A is not a Metlife document. Metlife cannot, therefore, admit or deny what it is.

Plaintiff also requested that Metlife admit whether the policies funding benefits under the Plan are "experience rated" such that "premium costs incurred by Mobil Oil Corporation or ExxonMobil are affected by, among other things, the number and size of claims presented, including that presented by plaintiff in this litigation." Plaintiff mistakenly argues that this information is relevant to whether ExxonMobil Corporation ("ExxonMobil") or Metlife operated under a conflict of interest and whether, as a result, a less deferential standard of review should apply.

This area of inquiry is not relevant and not reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26. The First Circuit has yet to find allegations of financial motive sufficient to affect the standard of review. It has observed repeatedly that the mere fact that an individual claim, if paid, would cost the decision-maker something does not, by itself, show that the decision was improperly motivated. Wright v. R.R. Donnelley & Sons Co. Group Benefit Plan, 402 F.3d 67, 75 (1st Cir. 2005); Leahy v. Raytheon Co., 315 F.3d 11, 15-17 (1st Cir. 2002); Doe v. Travelers Ins. Co., 167 F.3d 53, 57 (1st Cir. 1999); Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181 (1st Cir. 1998).

The standard of review will not change even if the policies are "experience rated." The fact that ExxonMobil's premiums might have increased had it awarded Karen Stamp accidental death and dismemberment benefits will not, by itself, show that ExxonMobil's decision was improperly motivated. Such an increase in premiums -- if premiums were in fact to increase -- would have only a negligible impact, if any, on ExxonMobil's bottom line. By the same token, the mere fact that MetLife would have paid the claims at issue -- if approved -- is insufficient as a matter of law to alter the standard of review governing MetLife's decisions.

Requests 2 through 5 are compound, vague and ambiguous. Requests for admissions must be "direct, simple and limited to singular, relevant facts" so that they can be

"admitted or denied without explanation." Dubin v. The E.F. Hutton Grp., Inc., 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989). Plaintiff's requests do not define the term "experience rated." They use ambiguous, open ended phrases such as "among other things" and "affected by." Because the requests cannot be admitted or denied without explanation, Metlife's objections should be sustained.

For the foregoing reasons, Metlife requests that the Court deny plaintiff's motion to strike its objections to plaintiff's requests for admissions.

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendant
Metropolitan Life Ins. Co.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: March 1, 2006

**CERTIFICATE OF SERVICE**

To:

Fred L. Mason, Jr., Esq.
Mason Associates, P.C.
20 Cedar Swamp Road
Smithfield, RI 02917

Neal McNamara, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Defendant Metropolitan Life Insurance Company's Memorandum in Support of its Objection to Plaintiff's Motion To Strike by mailing first class mail, postage prepaid, on the 1st day of March, 2006.

Lisa A. Larivière