UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KAREN STAMP :
:
v. : C.A. No. 04-488L
:
METROPOLITAN LIFE INSURANCE :
COMPANY OF AMERICA, et al. :

**MEMORANDUM AND ORDER**

Before this Court for determination is Plaintiff's Motion to Strike Objections and/or to Determine Sufficiency of Answers to Requests for Admission (Document No. 31). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). Both Defendants ("Metropolitan Life" and "ExxonMobil") have objected. A hearing was held on March 20, 2006. For the reasons discussed below, Plaintiff's Motion is GRANTED in part and DENIED in part.

**Discussion**

On or about January 5, 2006, Plaintiff served the same five requests for admission on Metropolitan Life and ExxonMobil. The Pretrial Order in this case (Document No. 17) required that "all pretrial discovery be completed by January 20, 2006," and also noted that "[a]fter 10 days from the close of discovery, no motions shall be filed and accepted by the Clerk of this Court except by leave of" Senior Judge Lagueux. On January 31 and February 1, 2006, respectively, Metropolitan Life and ExxonMobil served their objections to all five of Plaintiff's requests.

Defendants argue that Plaintiff's Motion should be denied for violating Judge Lagueux's Pretrial Order in two respects. First, they argue that the Requests were untimely because they were served fifteen (15) days prior to the close of discovery and thus could not be "completed" by the

discovery closure date because Defendants each had thirty (30) days to respond under Fed. R. Civ. P. 36(a). Second, they argue that the Motion itself is untimely because it was filed without leave of Court on February 21, 2006 which was more than ten (10) days after the discovery closure date of January 20, 2006.

Although both of these arguments may have some technical merit, Plaintiff's transgressions have not prejudiced either Defendant and are minor in degree. Plaintiff's counsel has not exhibited any pattern of noncompliance or dilatoriness in this case. As to the leave of Court issue, Plaintiff's Motion was accepted by the Clerk and docketed, and then referred to this Court for "determination" by Judge Lagueux. If Judge Lagueux believed that Plaintiff's Motion was barred by his Pretrial Order, this Court assumes he would have rejected it on that basis and not referred it for determination.

As to the discovery deadline issue, while it is true that Defendants' responses were not due until after the closure date, Plaintiff served only five requests, all arising out of the same document, and four were nearly identical. Further, it is not unusual for Requests for Admission to be served later in the discovery process as they are often based on information/documents obtained during discovery and are used as a vehicle to narrow issues for trial or dispositive motions. Finally, the Requests in this case flow from a single document obtained by Plaintiff in discovery which Plaintiff's counsel represented he received "shortly before" he issued the Requests in dispute. Thus, this Court concludes that Plaintiff's issuance of five Requests two weeks prior to the close of discovery should not be preclusive.

As to the substantive objections, Defendants contend that the requests are compound, vague and ambiguous, and are not reasonably calculated to lead to the discovery of admissible evidence.

After review, the Court finds the Requests to be straightforward and overrules Defendants' objections on grounds of ambiguity, etc. The First Request simply seeks to establish the authenticity of a document produced by ExxonMobil in discovery.[1] The second through fifth Requests seek to establish whether or not ExxonMobil's insurance premiums are affected by claims experience. In other words, whether or not ExxonMobil might face premium cost increases if it had not denied Plaintiff's appeal for death benefits totaling $785,000.00. Despite Defendants' objections, the question posed by Plaintiff is straightforward and unambiguous.

Defendant ExxonMobil's claims of confusion are particularly unpersuasive. As noted earlier, Plaintiff's Requests were triggered by an ExxonMobil document (a Summary Annual Report) sent to benefit plan participants and beneficiaries pursuant to ERISA in order to inform them of "the financial aspects of a plan." The document indicates that ExxonMobil's life insurance plan has contracts with Metropolitan Life and other insurers to pay claims and notes that the contracts are "experience-rated" and premium costs are affected by, among other things, the number and size of claims. The report includes the total premiums paid in 2004 and the total of all benefit claims paid in 2004 for such "experience-rated" contracts. Since Plaintiff's Requests track the words used in ExxonMobil's Summary intended to be understandable for plan participants and beneficiaries, it is hard to accept the argument that it is confused by language in its own notice document.

Defendants also object on relevance grounds. Referring to Wright v. R.R. Donnelley & Sons Co. Group Benefit Plan, 402 F.3d 67 (1st Cir. 2005), they contend that even if the policies are "experience-rated," that would not be a sufficient conflict of interest to warrant review of the

[1] Defendant Metropolitan Life's objection is sustained as to Request No. 1 since it seeks to authenticate an ExxonMobil document which Metropolitan Life represents is not in its custody or control.

challenged benefit denial under other than the arbitrary and capricious standard. While Defendants may well be correct in their assessment of the law in the First Circuit, the merits of this litigation are not presently before this Court. Since this is a discovery dispute, this Court is guided by Fed. R. Civ. P. 26(b)(1) which permits discovery "regarding any matter...that is relevant to the claim or defense of any party...." Since Plaintiff is arguing for de novo review of the decision denying benefits, the subject of the Requests is relevant to her claim and thus a proper area of inquiry. Again, this Court offers no opinion as to the appropriate standard of review but merely concludes that Plaintiff is entitled to seek information in discovery in order to attempt to support her argument.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion (Document No. 31) is GRANTED in part and DENIED in part. Defendant Metropolitan Life's objections to Request No. 1 are sustained but otherwise Defendants' objections are overruled. Defendants are ORDERED to answer Plaintiff's Requests for Admission within fourteen (14) days of the date of the ORDER.

LINCOLN D. ALMOND
United States Magistrate Judge
March 22, 2006